CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

October 29, 2024

LAURA A. AUSTIN, CLERK
BY: /s/T. Taylor
    DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| **DESTINED GEORGE,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 7:24CV00604 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| **UNIT MANAGER MILLER, ET AL.,** | ) | JUDGE JAMES P. JONES |
| | ) | |
| Defendants. | ) | |

*Destined George, Pro Se Plaintiff.*

The plaintiff, a Virginia inmate proceeding pro se, has filed a civil rights action under 42 U.S.C. § 1983 that alleges numerous, overlapping claims that prison officers violated his constitutional rights in 2022 and 2023. He states that certain officials of the Virginia Department of Corrections (VDOC) failed to provide him showers, meals, or toilet tissue whenever they worked from April 2022 through August 2023, while others allegedly falsified reports or other documentation, intercepted or refused to respond to administrative remedy forms, or otherwise failed to correct these alleged deprivations of George's rights. Because of George's grievances, officers also allegedly threatened to pepper spray him "if he accepted another meal." Compl. 5, ECF No. 1. In addition, George alleges that supervisory officials violated PREA, the Prison Rape Elimination Act, by allowing Officer

Neece to work where George was housed, despite having received information of this officer's alleged harassment and assault of George in the past. Finally, George claims that supervisory defendants refused to correct the alleged misdeeds by other defendants. I conclude that the § 1983 action must be summarily dismissed.

George's Complaint, filed in late August 2024, names as defendants eight VDOC officials, most of whom were employed at Red Onion State Prison: Unit Manager Miller, Lieutenant Barton, C/O Neece, C/O Lucas, C/O Smallwood, Harold Clarke, Rick White, and Western Regional Administrator. As relief in this case, George seeks compensatory damages.

George has not prepaid the necessary filing costs to proceed with a civil rights action, so he is requesting in forma pauperis status under 28 U.S.C. § 1915(b), which allows qualifying inmates to pay the filing fee through installments from their inmate trust accounts. After review of George's pleadings, I conclude that he does not qualify to do so because of his prior filings in federal courts. Accordingly, I will summarily dismiss this lawsuit under 28 U.S.C. § 1915(g).

Under the Prison Litigation Reform Act of 1995, all prisoner litigants must pay filing fees in full, either through prepayment or through installments withheld from the litigant's inmate trust account. § 1915(b). Section 1915(g) denies the installment payment method to prisoners who have "three strikes" — those prisoners who have had three previous cases or appeals dismissed as frivolous, malicious, or

for failure to state a claim — unless the three-striker inmate shows "imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

George has brought such actions on at least three prior occasions, including *George v. Clevinger*, No. 7:21CV00517 (W.D. Va. Nov. 23, 2022) (motion to dismiss under Fed. R. Civ. P. 12(b)(6) granted); *George v. Colley*, No. 7:23CV00014 (W.D. Va. Aug. 9, 2023) (summarily dismissed under 42 U.S.C. § 1997e(c)); and *George v. Neeley,* No. 7:23CV00818 (W.D. Va. May 9, 2024) (summarily dismissed under 42 U.S.C. § 1997e(c)). Accordingly, George may not proceed without prepayment of the filing fee on any case filed after May 2024, unless he has shown that he is in imminent danger of serious physical injury. § 1915(g).

The "imminent danger" exception to § 1915(g)'s "three strikes" rule only applies when the inmate plaintiff seeks relief from and demonstrates a danger that is imminent at the time he files the complaint. *Chase v. O'Malley*, 466 F. App'x 185, 186 (4th Cir. 2012) (unpublished) (citing *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003) (finding that exception "focuses on the risk that the conduct complained of threatens continuing or future injury, not on whether the inmate deserves a remedy for past misconduct"). George alleges no impending danger from past instances when officers allegedly denied him showers, meals, or toilet paper, made verbal threats, or failed to process his grievances or correct a subordinate's behavior. Indeed, George does not allege suffering any harm whatsoever from the

defendants' alleged misconduct.  He simply demands monetary damages.  George fails to show that when he filed this civil action in August 2024, he faced any impending, serious physical harm from the defendants' alleged past actions in 2022 and 2023.  On these facts, even taken as true, I cannot find that George has satisfied the requirements of the imminent danger exception under § 1915(g).

For the stated reasons, I cannot find that George is eligible to proceed under the § 1915(g) exception.  Because he has not prepaid the $350 filing fee or the $52 administrative fee required to bring a civil action in this court, I will dismiss the Complaint without prejudice.

A separate Final Order will be entered herewith.

DATED:   October 29, 2024

/s/  JAMES P. JONES
Senior United States District Judge